**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PATIENCE GORE, *

Petitioner, *

v. * Case No. 1:26-cv-03119-SAG

MARKWAYNE MULLIN, *et al.* *

Respondents. *

* * * * * * * * * * * * *

**ORDER**

Petitioner, who is pregnant and presently held in civil immigration detention, filed an Emergency Petition for Writ of Habeas Corpus (ECF 1) (the "Petition"), raising three distinct claims she argues justify her immediate release. After full briefing and a hearing on the merits today, her petition is granted.

Petitioner is subject to a final order of removal, subject to a Withholding of Removal Order to her native country, Zimbabwe. She was previously released under an Order of Supervision. On August 6, 2026, at a routine check-in appointment, Respondents took Petitioner into custody. The next day, August 7, 2026, ICE issued a "Notice of Revocation of Release." ECF 9-1. That form contends that her release is revoked because "Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." *Id.* at 2. Under that line, there is an unchecked box with a filled-in date reading: "ICE has obtained a travel document and scheduled your removal to take place no later than 09/07/2026." *Id.* at 2. The next box, which *is* checked, states, "ICE is seeking a travel document to effect your expeditious removal to Cameroon." *Id.* at 3. Consistent with the form indicating that a travel document is still beind sought, Respondents are unable to provide any evidence of a travel document to Cameroon for Petitioner, relying only on their own typed-in (but unchecked) deadline of 09/07/2026.

There is also, on that form, a "Notice of Informal Interview" which states that "On 08/07/2026, you will be afforded an informal interview at which you will be given an opportunity to respond to the reasons for this revocation." Respondents offer no evidence that this interview, or any other reasonable fear interview, has taken place, and Petitioner avers that it has not.

On this record, this Court finds that Respondents have failed to justify Petitioner's redetention with evidence of reasonably foreseeable removal. *See* 8 C.F.R. § 241.13(i)(2). For that reason and the others stated on the record, including Petitioner's medical condition, it is, this 18th day of August, 2026, hereby ORDERED that:

1) the Emergency Petition, ECF 1, is GRANTED;
2) Respondents are DIRECTED to immediately release Petitioner Patience Gore from custody under the same conditions under which she was previously released before her August 6, 2026 detention;
3) The parties SHALL file a Joint Status Report by August 24, 2026 to confirm Petitioner's release from detention;
4) If Respondents intend to re-detain Gore in advance of lawful removal, they must first file a status report with the Court articulating steps they will take to comply with 8 C.F.R. 241.4(l) and due process, consistent with this Order; and
5) The Court shall RETAIN jurisdiction of this matter to enforce compliance.

________/s/____________________
Stephanie A. Gallagher
United States District Judge